**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**CLYDE EARNEST DOUGLAS, # 272104,:**

    **Plaintiff,**               :

**vs.**                        : CIVIL ACTION NO. 22-00079-CG-B

**DEPUTY KYLE FALDOSKI, *et al.*,**   :

    **Defendants.**            :

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Clyde Earnest Douglas's amended complaint.[1] (Doc. 11). Douglas, who is proceeding *pro se*, commenced this action while he was incarcerated at the Baldwin County Sheriff's Corrections Center. (See Doc. 1). Subsequent thereto, Douglas paid the $402.00 filing and administrative fees (Doc. 6), and he was transferred to the custody of the Alabama Department of Corrections.

After careful consideration of Douglas's amended complaint (Doc. 11), it is recommended that his claim against Defendant Quality Corrections Health Care[2] be dismissed without prejudice prior to service of process, pursuant to 28 U.S.C. § 1915A(b)(1),

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

[2] The first word in the name of this Defendant is not clear due to the differences in spelling in the amended complaint, which causes the Court to consider that the correct spelling is "Quality."

for failure to state a claim upon which relief may be granted.  It is further recommended that Douglas be granted leave to file an amended complaint against Quality Corrections Health Care on this Court's § 1983 complaint form for the purpose of stating a claim upon which relief may be granted (which may be filed within the period for filing objections to this report and recommendation).[3]

**I. Proceedings.**

Douglas's original complaint named as Defendants the Baldwin County Sheriff's Office, the Baldwin County Corrections Center Medical Department - Quality Health Care, and the Baldwin County Corrections Center.  (Doc. 1 at 5).  During the screening of the complaint, the Court informed Douglas that the entities named as Defendants were not suable in a § 1983 action; therefore, the claims against them were frivolous and due to be dismissed.  (Doc. 9 at 5).  Instead of recommending that Douglas's complaint be dismissed, the Court ordered that he file an amended complaint against individuals or entities that could be sued.  (Id.).

In response to the order, Douglas filed a § 1983 complaint on this Court's complaint form wherein he identifies as Defendants Deputy Kyle Faldoski of the Baldwin County Sheriff's Department, and Quality Corrections Health Care at the Baldwin County

_____

[3] The Clerk is **DIRECTED** to send Douglas a § 1983 complaint form for his use.

Corrections Center.  (Doc. 11 at 5).

The claims against Defendant Faldoski are for "negligence" and "excessive force causing injury" during Douglas's arrest on December 30, 2021 in Foley, Alabama.  (Id. at 5, 9).  Douglas alleges that Faldoski "tazed" him four times while he was on the ground.  (Id. at 9).  Douglas asserts that Faldoski was on his back telling him to stop resisting, but he was not resisting and "was on [his] right arm with [Faldoski's] weight and [his own] weight on it."  (Id.).  Douglas alleges that Faldoski yanked his arm from underneath him and caused two bones above his right wrist to break.  (Id.).  Douglas alleges that after he was handcuffed, he told Faldoski that something was wrong with his arm, but Faldoski ignored him.  (Id.).  Douglas's claims against Defendant Faldoski will proceed in this action, and a separate order will be entered directing the Clerk to issue a waiver of service of process for Defendant Faldoski.

Douglas's other claims are against Quality Corrections Health Care for negligence and "unus[u]al punishment."  (Id. at 5, 8). Douglas alleges that after his arrest, paramedics arrived on the scene and transported him to Foley Hospital, where x-rays were taken showing a compound fracture.  (Id. at 9).  Douglas maintains that the hospital did nothing for him except to wrap his arm and put a split cast on it before he was sent to the county jail.

(Id.).

At the jail, Douglas alleges that he was held in an isolation cell twenty-four hours a day from December 30, 2021 to January 12, 2022, without being called to "medical" or being checked on in his cell. (Id. at 8). During that time, he laid on the floor with his arm in a sling in unbearable pain. (Id.). He received only Tylenol for pain, and he was unable to eat. (Id.). On January 12, 2022, an officer transported him to Dr. Frank Fondren's office in Bay Minette, where x-rays were taken and surgery was scheduled for the next day. (Id.). Dr. Fondren repaired Douglas's arm with two plates and screws. (Id.). Douglas claims that the health care staff was negligent for not providing treatment of any kind and for not obtaining proper care for him sooner. (Id.). Douglas's claim against Defendant Quality Corrections Health Care will be addressed below.

**II. Legal Standards for Screening Under 28 U.S.C. § 1915A.**

The Court is screening Douglas's amended complaint (Doc. 11) under 28 U.S.C. § 1915A, requires courts to perform a screening review of "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A directs that a court must dismiss a prisoner's complaint, or any claims therein, that are frivolous, malicious, fail to state a claim upon which relief

4

may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at § 1915A(b)(1)&(2).  Section 1915A's screening mechanism does not distinguish between prisoners who pay the filing fee and those who proceed *in forma pauperis*. Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam);[4] Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).

Under 28 U.S.C. § 1915A(b)(1), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact[,]" Neitzke v. Williams, 490 U.S. 319, 325 (1989), or for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557 (second

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2 (2005).

brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).  Furthermore, a court treats a complaint's factual allegations as true, but it does not accept as true a plaintiff's conclusory assertions or recitation of a cause of action's elements.  Iqbal, 566 U.S. at 681.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

**III. Discussion.**

Based on Douglas's allegations, Defendant Quality Corrections Health Care appears to be a corporate medical provider.  A corporate medical provider's liability in a § 1983 action must be based on the company's policy or custom being responsible for a deprivation of a plaintiff's constitutional rights.  Ort v.

6

Pinchback, 786 F.2d 1105, 1107 (11th Cir. 1986) (per curiam);
accord Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir. 1997) (per
curiam) (applying § 1983's municipality law to a corporate medical
provider).  Furthermore, in a § 1983 action, a corporate medical
provider cannot be held vicariously liable for its employee's
actions.  Brennan v. Thomas, 780 F. App'x 813, 821 (11th Cir. 2019)
(per curiam); Ort, 786 F.2d at 1107 (same).  Thus, to state a claim
against a corporate medical provider under § 1983, Douglas must
describe the corporate medical provider's custom or policy that
caused a deprivation of his constitutional rights.  Brennan, 780
F. App'x at 822.  Douglas has not done so in his amended complaint.
(See Doc. 11).

Moreover, to state a constitutional deprivation in the
medical context against a corporate medical provider (or an
individual), a plaintiff must allege facts which plausibly suggest
that "deliberate indifference to serious medical needs" occurred.
Estelle v. Gamble, 429 U.S. 97, 104 (1976); see Brennan, 780 F.
App'x at 821 (observing that a difference of opinion over medical
treatment does not support a finding of deliberate indifference).
Furthermore, negligent conduct cannot serve as a basis for
liability under § 1983.  Daniels v. Williams, 474 U.S. 327, 328
(1986) (the "negligent act of an official causing unintended loss
of or injury to life, liberty, or property" is simply not

implicated under the Constitution).

Douglas's allegations against Quality Corrections Health Care are for "negligence" and failure "to give proper care in a sufficient amount of time, causing pain and suffering for [two] weeks." (Doc. 11 at 5). These statements typically would indicate an individual's failure to act or to act satisfactorily, and they do not reflect a policy or custom. While Douglas has described a couple of actions allegedly taken by unidentified individuals, has alleged inaction, and has described his condition while awaiting medical intervention, he has not described a policy or custom of Quality Corrections Health Care that caused a delay in him being seen by a doctor or receiving medical care in his cell. Inasmuch as Douglas has not identified a policy or custom of Quality Corrections Health Care and has not shown how the unidentified custom or policy amounted to a deliberate indifference, he has failed to state a claim upon which relief may be granted against Quality Corrections Health Care.

IV. **Conclusion.**

For the foregoing reasons, it is recommended that the claim against Defendant Quality Corrections Health Care be dismissed without prejudice prior to service of process, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. It is further recommended that Douglas be

granted leave to file an amended complaint against Quality Corrections Health Care on this Court's § 1983 complaint form for the purpose of stating a claim upon which relief may be granted (which may be filed within the period for filing objections to the report and recommendation).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the

specific place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **6th** day of **September, 2022.**


                                    **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**