IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLYDE EARNEST DOUGLAS, # 272104, | * * * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 22-00079-CG-B * |
| DEPUTY KYLE FALDOSKI, *et al.*, | * * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Clyde Earnest Douglas's motion for entry of default judgment. (Doc. 29). The motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that the motion be **DENIED**.

### I.  BACKGROUND

Plaintiff Clyde Earnest Douglas ("Douglas"), who is proceeding *pro se*, commenced this action while he was incarcerated at the Baldwin County Sheriff's Corrections Center ("BCSCC"). (See Doc. 1). Douglas subsequently paid the $402.00 filing fee and was later transferred from BCSCC to the custody of the Alabama Department of Corrections. (See Docs. 6, 10). Pursuant to the Court's orders (Docs. 9, 10), Douglas filed an amended complaint

against Defendants Deputy Kyle Faldoski ("Defendant Faldoski") and Quality Corrections Health Care.  (Doc. 11).

On September 6, 2022, the Court entered a service order directing the Clerk, "in accordance with the Court's standing order dated February 1, 1994, [to] cause the notice of lawsuit and request for waiver of service of summons form, two waiver of service of summons forms, the prepaid means for returning the signed waiver of service of summons form, the amended complaint (Doc. 11), and this order to be sent by first-class mail to" Defendant Faldoski.  (Doc. 12 at 1).  The service order directed Defendant Faldoski to file an answer and a special report "within sixty (60) days from the date of service of process or sixty (60) days from the date the Clerk sends the waiver documents."  (Id. at 2).  On the same date, the Clerk mailed to Defendant Faldoski a notice of lawsuit and request for waiver of service and summons, which informed Defendant Faldoski that if he complied with the request and returned the attached waiver of service, he would "not be obligated to answer the complaint before 60 days from [September 6, 2022]."  (Doc. 13).

Defendant Faldoski signed the waiver of service on September 16, 2022, and it was subsequently filed with the Court.  (Doc. 19).  The waiver of service stated, in relevant part: "I understand that a judgment may be entered against me . . . if an answer is not served upon you within 60 days after **September 6, 2022** . . .

2

." (Id. at 1). Thus, Defendant Faldoski's answer and special report were initially due by November 7, 2022. See Fed. R. Civ. P. 4(d)(3); Fed. R. Civ. P. 6(a)(1)(C).

On October 25, 2022, Defendant Faldoski filed a motion requesting a thirty-day extension of time to file his special report and answer. (Doc. 21). The Court entered an order granting the motion. (Doc. 22). As a result, Defendant Faldoski's answer and special report were due by December 7, 2022. (Id.). Defendant Faldoski filed his special report and answer on December 7, 2022. (Doc. 24).

In a filing postmarked December 6, 2022 - one day *before* Defendant Faldoski's special report and answer were due - Douglas requested that the Clerk enter default against Defendant Faldoski. (Doc. 28). Two days later, Douglas filed the instant motion requesting that the Court enter a default judgment against Defendant Faldoski for failure to plead or otherwise defend. (Doc. 29). Defendant Faldoski filed a response in opposition asserting that Douglas's motion should be denied because Defendant Faldoski timely filed his special report and answer on December 7, 2022. (Doc. 30). On December 19, 2022, the Clerk declined to enter default against Defendant Faldoski "because a Special Report was filed by said Defendant on December 7, 2022, in compliance with the Court's Order." (Doc. 31).

## II. DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a default judgment. "First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." S. Geo-Env't Consultants, Inc. v. Herzog, 2009 U.S. Dist. LEXIS 80291, at *2-3, 2009 WL 2766209, at *1 (S.D. Ala. Aug. 31, 2009) (quoting UMG Recordings, Inc. v. Stewart, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006)). "Where there has been no entry of default, there can be no default judgment." Fukanova v. Mecerod, 2010 U.S. Dist. LEXIS 152494, at *2, 2010 WL 11508715, at *1 (N.D. Ga. Mar. 9, 2010); see also Herzog, 2009 U.S. Dist. LEXIS 80291, at *3, 2009 WL 2766209, at *1 ("[A] clerk's entry of default must precede an application to the district judge for entry of default judgment.").

Here, Douglas filed an application for a clerk's entry of default, but the Clerk properly declined to enter default against Defendant Faldoski because he had timely filed his special report and answer. (See Docs. 28, 31). Because entry of default is "a prerequisite to a default judgment," Sun v. United States, 342 F.

4

Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004), Douglas's motion for entry of default judgment is due to be denied.

III. **CONCLUSION**

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff Clyde Earnest Douglas's motion for entry of default judgment (Doc. 29) be **DENIED**.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **21st** day of **December, 2022.**

>     /s/ SONJA F. BIVINS    
> **UNITED STATES MAGISTRATE JUDGE**